IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALEXANDRIA FAYE,** *Individually and as Next Friend and on Behalf of O.F. and K.S.* | | **PLAINTIFF** |
| v. | | Civil No. 1:15cv429-HSO-JCG |
| **MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, et al.** | | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [15], GRANTING PLAINTIFF LEAVE TO AMEND HER COMPLAINT, DENYING MOTION [23] TO LIFT STAY WITHOUT PREJUDICE, AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE [25]

BEFORE THE COURT are three Motions: (1) the Motion to Dismiss [15] filed by Defendants Mississippi Department of Human Services ("MDHS"), Hancock County Department of Human Services ("HCDHS"), Harmony Raffeo ("Raffeo"), Tequila Hall ("Hall"), and Erica Weary ("Weary") (collectively, "Defendants");[1] (2) the Motion [23] to Lift Stay filed by Plaintiff Alexandria Faye, Individually and as Next Friend and on Behalf of her Minor Children O.F. and K.S. ("Plaintiff"); and (3) Defendants' Motion [25] to Exclude and Strike from Consideration Plaintiff's Exhibits to Response in Opposition to Motion to Dismiss. These Motions have been fully briefed. Having reviewed the record and relevant legal authority, the Court

---

[1] An additional Defendant, Watch Me Grow Learning Center, Inc. ("Watch Me Grow") did not participate in briefing on the Motion to Dismiss, but has raised an affirmative defense regarding Plaintiff's failure to state a claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Answer [10], at 2. Watch Me Grow has filed a Response [30] in Opposition to Plaintiff's Motion [23] to Lift Stay.

finds that Defendants' Motion to Dismiss [15] should be granted in part, in that Plaintiff's First Amended Complaint [1-3] is insufficient pursuant to Rule 12(b)(6). The Motion [15] will be denied in part in that Plaintiff will be granted leave to file a Second Amended Complaint to more clearly state which claims she is pursuing against which Defendants and to clearly allege the facts supporting those claims. Plaintiff shall file any Second Amended Complaint by August 26, 2016, failing which the Court may dismiss her claims.

Because Plaintiff will be afforded the opportunity to file a Second Amended Complaint, Plaintiff's Motion [23] to Lift Stay will be denied without prejudice at this juncture. Defendants' Motion to Strike [25] is also rendered moot, in that Plaintiff's evidentiary submissions in response to the Motion to Dismiss were unnecessary to the Court's determination of the issues presented.

## I. BACKGROUND

A. Factual Background

Plaintiff was arrested on February 19, 2014, and her two female children, who were one and two years old at the time of the arrest, were deemed neglected pursuant to Mississippi Code Annotated Section 43-21-105. Am. Compl. [1-3], at ¶¶14–17. Both children were placed in the custody of MDHS in Hancock County, Mississippi. *Id.* at ¶18. Defendants Harmony Raffeo and Tequila Hall, caseworkers for MDHS, placed the children in foster care with Defendant Erica Weary. *Id.* at ¶19. On June 11, 2014, one of the children tested positive for gonorrhea, and was treated for the disease. *Id.* at ¶¶20–21. On June 12, 2014, the

second child was also treated for gonorrhea, although no test could be performed on the second child. *Id.* at ¶26. Plaintiff alleges that medical records state that the first child "'most likely contracted gonorrhea while in foster care based on symptomatology and timeline provided.'" *Id.* at ¶27 (alteration adopted). Plaintiff further alleges that this diagnosis indicates that the children were molested or sexually assaulted "while in the custody of Mississippi Department of Human Services and Hancock County Department of Human Services." *Id.* at ¶¶23, 31.

B.  Procedural History

On August 26, 2015, Plaintiff proceeding individually and on behalf of her minor children, filed suit in the Circuit Court of Hancock County, Mississippi, naming as Defendants MDHS, HCDHS, Raffeo, Hall, Watch Me Grow, and Weary. Compl. [1-2]. The Complaint advanced State-law claims for negligence against MDHS and HCDHS;[2] 42 U.S.C. § 1983 claims against Raffeo, Hall, and Weary in their individual and official capacities; and State-law claims for negligent hiring and supervision and negligence/gross negligence against Watch Me Grow. The Complaint also included a section titled "RES IPSA LOQUITUR" alleging that "Defendants had control and management of the instrumentality causing injuries

---

[2] It is unclear from Plaintiff's pleadings whether she is also attempting to assert these State-law negligence claims against Raffeo, Hall, and Weary as employees and agents of MDHS and HCDHS. Moreover, the Complaint [1-2] and First Amended Complaint [1-3] do not specify what wrongful actions are attributed to HCDHS as opposed to MDHS. Instead, the claims against both are discussed together without distinguishing between the allegations against each Defendant or clearly explaining why HCDHS is sued separately if it is the same entity as MDHS for the purposes of this suit. *See* First Amended Compl. [1-3], at ¶¶4–5, 41–49.

3

[to] the Plaintiffs." Compl. [1-2], at ¶¶83–88.  Plaintiff filed a First Amended Complaint [1-3] on September 10, 2015, alleging essentially the same facts and causes of action.[3]

On December 30, 2015, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1343.  On February 22, 2016, the Court entered an order staying the case in accordance with Local Uniform Civil Rule 16(b)(3) based on Defendants' assertion of sovereign immunity and qualified immunity.

Defendants' Motion [15] to Dismiss was filed on April 29, 2016.  Defendants request that the Court dismiss

> (a) Faye's § 1983 claims against Hall, Raffeo and Weary in their individual capacity for the failure to state a claim under Rule 12(b)(6);
> (b) Faye's claims against the MDHS, Hall, Raffeo and Weary in their official capacity based on Eleventh Amendment immunity;
> (c) Faye's state law claims, if any, against Hall, Raffeo and Weary under the MTCA;
> (d) Faye's federal law claims, if any, against MDHS based on Eleventh Amendment immunity; and
> (e) Faye's MTCA claims against MDHS for failure to state a claim under Rule 12(b)(6).

Reply [27], at 10.  Although Defendant Watch Me Grow has not filed a motion to dismiss or participated in the briefing of the Motion [15] to Dismiss, in its Answer [10] Watch Me Grow asserts that Plaintiff has failed to state a claim against it such that the First Amended Complaint should be dismissed pursuant to Federal Rule of

---

[3] The only obvious difference between the Complaint [1-2] and First Amended Complaint [1-3] is the use of initials for the children's names rather than a full redaction.

Civil Procedure 12(b)(6). Answer [10], at 2.

Plaintiff has addressed Defendants' arguments for dismissal on the merits, and appears to have conceded some claims, although the record is not entirely clear on this point. In the alternative, Plaintiff requests leave to amend and file a Second Amended Complaint. Mem. Resp. [19], at 2.

## II. DISCUSSION

A. <u>Legal Standard</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12 motion to dismiss, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). Even so, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . . [t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79.

B.     Analysis of Claims

The First Amended Complaint [1-3] as currently pled describes the overall circumstances giving rise to this dispute, namely the diagnosis and treatment of Plaintiff's children for gonorrhea while in foster care, but it contains sparse facts as to what wrongful conduct is attributed to each of the named Defendants and does not identify which legal claims are being pursued against which Defendant and the facts supporting each claim.  As such, the Court is unable to determine with certainty which claims are being asserted against which Defendant, nor can it clearly discern which facts allegedly support which claims.

For example, Plaintiff's 28 U.S.C. § 1983 claims against Hall, Raffeo, and Weary, do not specify which constitutional rights these Defendants are alleged to have violated, or what individual conduct by each of these Defendants resulted in a violation of Plaintiff's or her children's constitutional rights. *Id.* at ¶¶50–70. "A viable claim under § 1983 alleges (1) 'a violation of a right secured by the Constitution or laws of the United States,' and (2) 'that the alleged deprivation was committed by a person acting under color of state law.'" *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001 n.16 (5th Cir. 2014) (quoting *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012)).  When pleading a § 1983 claim, the plaintiff must identify a specific constitutional right that has been violated, not merely allege the violation of a duty of care.  *Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of

6

duties of care arising out of tort law."). Plaintiff's § 1983 claims against Hall, Raffeo, and Weary,[4] as they are currently pled, would be inadequate to survive a motion to dismiss as it relates to a § 1983 claim.

Also, in asserting a negligence claim under the Mississippi Tort Claims Act ("MTCA"), Mississippi Code Annotated Section 11-46-5, *et seq.*, the First Amended Complaint [1-3] lacks sufficient clarity as to whether this claim is being pursued only against MDHS and HCDHS, or if Plaintiff is also attempting to state that Raffeo, Hall, and Weary,[5] as "employees, staff and agents" were also negligent under Mississippi law. Am. Compl. [1-3], at ¶42.

Similarly, in articulating her State-law negligence claim against Watch Me Grow, Plaintiff fails to allege any facts to support her conclusion that the children "were molested while in the care of Watch Me Grow." Am. Compl. [1-3], at ¶ 74. There are no allegations that a specific employee or person present at Watch Me Grow molested the children and no allegations that any policy of Watch Me Grow allowed the children's condition to go undiscovered longer than was reasonable. *Id*. This is insufficient to state a claim against Watch Me Grow pursuant to Rule

---

[4] As to Weary, Plaintiff concedes that foster parents are not State actors for purposes of § 1983 unless Plaintiff can show a "pervasive entwinement" between the private person and the State. Resp. [19], at 18. However, the First Amended Complaint does not contain sufficient facts to support Plaintiff's conclusory allegation in briefing that Weary was so pervasively entwined with the State as to have become a State actor for the purposes of § 1983.

[5] Licensed foster parents like Weary are granted immunity from suit under State law as employees pursuant to Mississippi Code Annotated § 11-46-8.

12(b)(6).

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff has requested leave to amend, Mem. Resp. [19], at 2, and based upon the record and under the circumstances of this case, the Court will grant this request.

The First Amended Complaint is clear as to Plaintiff's reasons for believing that harm was done to the children by someone while they were in foster care, but as currently pled it does not contain sufficient facts as to the purported wrongful conduct attributable to each Defendant, nor is it clear which constitutional rights were allegedly violated by each Defendant.

Because Plaintiff will be granted leave to amend, Plaintiff's Motion [23] to Lift Stay will be denied without prejudice at this time. Defendants' Motion [25] to Exclude and Strike will be denied as moot, in that Plaintiff's exhibits to her Response in Opposition to the Motion to Dismiss were unnecessary to the Court's resolution of the present Motion.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [15] is **GRANTED IN PART** in that Plaintiff's First Amended Complaint [1-3] as currently pled fails to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6), and **DENIED IN PART** in that Plaintiff will be given until **August 26, 2016**, to file a Second Amended Complaint.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that if Plaintiff fails to file a Second Amended Complaint by **August 26, 2016**, this case may be dismissed without further notice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Alexandria Faye's Motion [23] to Lift Stay is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion [25] to Exclude and Strike from Consideration Plaintiff's Exhibits to Response in Opposition to Motion to Dismiss is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 10th day of August, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE